1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KING COUNTY,  a Washington municipal corporation,<br><br>                                    Plaintiff,<br><br>        v.<br><br>TRAVELERS INDEMNITY COMPANY, a Connecticut corporation; AETNA CASUALTY AND SURETY COMPANY, a Connecticut corporation; HARTFORD ACCIDENT AND INDEMNITY COMPANY, a Connecticut corporation; PROVIDENCE WASHINGTON INSURANCE COMPANY, a Rhode Island corporation; AMERICAN HOME ASSURANCE COMPANY, a New York corporation;<br><br>                                    Defendants. | No.  2:14-cv-1957<br><br>COMPLAINT<br><br>JURY DEMAND |

King County alleges as follows:

**Parties**

1.  Plaintiff King County is a Washington municipal corporation and is authorized to

bring this action.

COMPLAINT - 1

K&LGATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

2.   Pursuant to Chapter 36.56 RCW, and King County Ordinances 10530 and 10531, in 1992 King County assumed the rights, powers and functions of the Municipality of Metropolitan Seattle ("Metro") including its contracts.

3.   Defendant Travelers Indemnity Company ("Travelers") is a Connecticut corporation engaged in the business of insurance in Washington.

4.   Defendant Aetna Casualty and Surety Company, now known as Travelers Casualty and Surety Company ("Aetna-Travelers") is a Connecticut corporation engaged in the business of insurance in Washington.

5.   Defendant Hartford Accident and Indemnity Company ("Hartford") is a Connecticut corporation engaged in the business of insurance in Washington.

6.   Defendant Providence Washington Insurance Company ("Providence") is a Rhode Island corporation engaged in the business of insurance in Washington.

7.   Defendant American Home Assurance Company ("American Home") is a New York corporation engaged in the business of insurance in Washington.

**Jurisdiction and Venue**

8.   This Court has subject matter jurisdiction over this matter pursuant to 28 USC 1332 as there is complete diversity of citizenship between plaintiff and all defendants and the amount in controversy exceeds $75,000 exclusive of interest and costs.

9.   Pursuant to 28 USC 1391(b)(2) and LCR 3(d), venue is proper in this district and division as the claims in this action arose in King County, Washington.

COMPLAINT - 2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**The Insurance Policies**

10. Defendant Travelers issued primary general liability insurance to King County under policy number NSL2642000 effective January 1, 1966 to January 1, 1969 with annual limits of $500,000 per occurrence and aggregate ("Travelers 1966 Policy").

11. Defendant Aetna-Travelers issued primary general liability insurance to King County under policy number 81AL85000SC(Y) effective January 1, 1968, to January 1, 1971 with annual limits of $500,000 per occurrence and aggregate ("Aetna-Travelers 1968 Policy").

12. Defendant Aetna-Travelers issued primary general liability insurance to King County under policy number 81AL90200SCA effective January 1, 1971, to March 1, 1971, with limits of $500,000 per occurrence and aggregate ("Aetna-Travelers 1971 Policy").

13. Defendant Aetna-Travelers issued primary general liability insurance to King County under policy number 81AL90400SCA.effective March 1, 1971 to March 1, 1974 with annual limits of $500,000 per occurrence and aggregate ("Aetna-Travelers 1974 Policy").

14. Defendant Providence issued primary general liability insurance to King County under policy number PS360056 effective April 1, 1975 to April 1, 1976, with annual limits of $500,000 per occurrence and aggregate ("Providence 1975 Policy").

15. Defendant Hartford issued excess general liability insurance to King County under policy number 52HU810360 effective May 1, 1976 to May 1, 1977 with annual limits of $5 million per occurrence and aggregate ("Hartford 1976 Policy").

K&LGATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

16.   The Hartford 1976 policy was excess over primary insurer Commercial Standard Insurance Company, policy number 430-14-72-34.  Commercial Standard Insurance Company became insolvent in or around January 23, 1985.

17.   Defendant American Home issued primary general liability insurance to Metro under policy number CGB 1666153 effective September 1, 1963 to September 1, 1966 with annual limits of $500,000 per occurrence and $1 million aggregate ("American-Home 1963 Policy").

18.   Defendant American Home issued primary general liability insurance to Metro under policy number CGB 166891 effective September 1, 1966 to September 1, 1969 with annual limits of $500,000 per occurrence and $1 million aggregate ("American-Home 1966 Policy").

**The Lower Duwamish Waterway Superfund Site**

19.   In 2000, the United States Environmental Protection Agency ("EPA") placed the Lower Duwamish Waterway ("LDW Site") on the National Priorities List under the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA" or "Superfund"), 42 USC 9601 *et seq*.

20.   The Washington Department of Ecology ("Ecology"), under the Model Toxics Control Act, Chapter 70.105D RCW ("MTCA"), has jurisdiction over the LDW Site that is concurrent with EPA's jurisdiction under CERCLA.

21.   On August 2, 2000, Ecology notified King County that it was a potentially liable party with respect to the LDW Site ("Ecology LDW Notice Letter").

COMPLAINT - 4

K&LGATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

22. On December 20, 2000, EPA and Ecology on the one hand, and King County, the City of Seattle, the Port of Seattle, and The Boeing Company on the other hand, entered into their Administrative Order on Consent for Remedial Investigation/Feasibility Study (No. 10-2001-0055; OOTCPNR-1895) for the LDW Site ("LDW AOC").

23. King County has incurred and continues to incur defense costs in response to the Ecology LDW Notice Letter and the LDW AOC and amendments thereto.

24.  Beginning in 2013, in lieu of litigation, the Lower Duwamish Waterway Group, consisting of The Boeing Company, the City of Seattle, the Port of Seattle, and King County ("LDWG") negotiated a Memorandum of Agreement ("MOA") for a mediation process against each other and against other potentially responsible parties to allocate liability for remedial action costs for the LDW Site ("LDW Allocation"). A sufficient number of parties signed the MOA and the LDW Allocation proceedings commenced in April 2014.  To date, a total of 45 parties are participating in the LDW Allocation.

25. In the LDW Allocation, Boeing, the City of Seattle, the Port of Seattle and the other parties claim that King County caused or contributed to contamination in the LDW Site, and King County claims the other parties caused or contributed to the contamination. The parties seek to allocate liability for past and future remedial action costs at the LDW Site, including but not limited to costs incurred under the LDW AOC, and costs to be incurred under the final remedial action for the cleanup of the LDW Site that EPA and Ecology have now issued in their Record of Decision.  EPA estimates that the net present cost of the final remedial action will be $342 million.

K&LGATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

26. King County has incurred and continues to incur defense costs in response to the LDW Allocation

**The Slip 4 Early Action Area, LDW Site**

27. In or around May 2006, EPA completed an action memo for a non-time critical removal action in Slip 4, an identified Early Action Area ("EAA") within the LDW Site.

28. On September 26, 2006, EPA, the City of Seattle, and King County entered into an Administrative Settlement Agreement and Order on Consent ("Slip 4 AOC") to perform the non-time critical removal action and other remedial action in Slip 4.

29. On April 20, 2007, Ecology notified King County and others that they were potentially liable parties for the area draining to Slip 4 ("Ecology Slip 4 Notice Letter").

30. Ecology, King County and others subsequently signed Agreed Order DE 5685 under which Ecology performed a Remedial Investigation/Feasibility Study for the area draining to Slip 4 and King County and others paid for the work.

31. In or around December 2007, The Boeing Company filed a third party complaint against King County in *City of Seattle v. The Boeing Company*, No. 07-2-23991-0 SEA (King County Superior Court), an action to allocate liability for and recover remedial action costs incurred at the Slip 4 Early Action Area of the LDW Site.

32. King County incurred attorney fees and costs defending the claims of EPA, Ecology, Boeing, and the City of Seattle.

33. King County resolved the claims of Boeing and the City of Seattle, and partially resolved the claims of EPA and Ecology.

K&LGATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

34. King County has unreimbursed defense costs incurred in defending the claims of EPA, Ecology, Boeing and the City of Seattle.

**The T-117 Early Action Area, LDW Site**

35. In or around October and December 2007, Malarkey Asphalt Company and the Port of Seattle filed third party complaints against King County in *City of Seattle v. Malarkey Asphalt Company*, No. 07-2-08649-8 SEA (King County Superior Court), an action involving allocation of liability for and recovery of remedial action costs at the T-117 EAA of the LDW Site.

36. King County incurred attorney fees and costs defending the Malarkey and Port of Seattle claims against it.

37. King County resolved the claims of Malarkey and the Port of Seattle.

38. King County has unreimbursed defense costs incurred in defending the Malarkey and Port of Seattle claims.

**The Harbor Island Superfund Site - East Waterway Operable Unit**

39. In or around April 2006, EPA notified King County that it considered King County to be a potentially responsible party for the East Waterway Sediments operable unit ("EW-OU10") of the Harbor Island Superfund Site ("Harbor Island Site") and that EPA expected King County to cooperate with the Port of Seattle in conducting a supplemental RI/FS ("SRI/FS") for the EW-OU10 ("EPA EW-OU10 Notice Letter").

40. King County has entered into a cost sharing agreement with the Port of Seattle which has signed an Administrative Order on Consent with EPA for the EW-OU10 SRI/FS.

K&LGATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

41. King County incurred and continues to incur defense costs in responding to EPA's EW-OU10 Notice Letter none of which have been reimbursed.

**Tender of the Claims, Response, and Further Notice**

42. By way of its letter dated July 19, 2013, as supplemented in its Appendix dated September 11, 2013, among other things King County tendered defense of the claims of EPA and Ecology in the Ecology LDW Notice Letter and in the LDW AOC, and the claims of the allocation participants in the LDW Allocation ("LDW Claim"), the claims of EPA, Ecology, Boeing, and City of Seattle in the Ecology Slip 4 Notice Letter, Slip 4 AOC, Agreed Order DE 5685, and *City of Seattle v. The Boeing Company*, No. 07-2-23991-0 SEA (King County Superior Court) ("Slip 4 Claim"), the claims of Malarkey Asphalt Company and the Port of Seattle in *City of Seattle v. Malarkey Asphalt Company*, No. 07-2-08649-8 SEA (King County Superior Court), ("T-117 Claim"), and the EPA EW-OU10 Notice Letter and the cost sharing agreement with the Port of Seattle ("East Waterway Claim")(collectively, "the Claims").

43. Travelers and Aetna-Travelers first acknowledged the tender of the East Waterway Claim by letter dated August 2, 2013, and the LDW Claim, Slip 4 Claim, and T-117 Claim by separate letter of the same date.

44.  With respect to portions of the LDW Claim only, by way of their subsequent letter dated September 23, 2013, Travelers and Aetna-Travelers have denied any obligation to defend King County as follows:

> With respect to the WA-DOE, to the extent there would have been any defense obligation (which we specifically deny, as the WA-DOE Determination of Potentially Liable Person Status dated August 2,

K&LGATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

2000 is not a suit), such obligation was extinguished four months later by the 2000 AOC.

45. With respect to the Slip 4 Claim and the T-117 Claim, by way of their letter dated September 23, 2013, Travelers and Aetna-Travelers denied any ongoing defense obligation, citing the fact that the *City of Seattle v. Malarkey Asphalt Company* litigation was resolved, but not responding with respect to the Slip 4 AOC, the Ecology Slip 4 Notice Letter, or Agreed Order DE 5685.

46. With respect to the East Waterway Claim, Travelers and Aetna-Travelers have not made any substantive response to the tender or either accepted the defense, accepted the defense under a reservation of rights, or denied the obligation to defend the East Waterway Claim.

47.  Providence first acknowledged the tender of the Claims by way of its letter dated July 29, 2013.  Since then, Providence has not made any substantive response to the tender or either accepted the defense, accepted the defense under a reservation of rights, or denied the obligation to defend the Claims.

48. Hartford first acknowledged the tender of the Claims by letter dated August 9, 2013, and responded to the tender by letter dated January 16, 2014, in part as follows:

> As an initial matter, we note that the Policies are umbrella and excess policies and would not be impacted by the Claims unless and until the applicable limits of liability and/or self-insured retentions for the underlying insurance have been properly exhausted [footnote omitted].  To date, The Hartford has not been provided with documentation substantiating such exhaustion.

COMPLAINT - 9

K&LGATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

49. Hartford's January 16, 2014 letter materially misstates the Hartford 1976 Policy the defense obligation for which states as follows:

> The Company will defend any claim or suit against the insured seeking damages on account of injury or damage to which this policy applies and which no underlying insurer is obligated to defend …

50. At no time has Hartford stated or disclosed that it investigated the 1985 insolvency of Commercial Standard Insurance Company which issued the policy underlying the Hartford 1976 policy.

51. American Home first acknowledged the tender of the Claims by letter dated August 5, 2013.  Since then, American Home has not made any substantive response to the tender or either accepted the defense, accepted the defense under a reservation of rights, or denied the obligation to defend the Claims.

52. King County provided additional information to each of the Defendants regarding the status of the LDW cleanup actions and the LDW Allocation by email correspondence dated and sent on November 8, 2013, February 27, 2014, April 29, 2014, August 22, 2014, and December 4, 2014.  By separate letter dated April 4, 2014, King County responded to specific information requests of  Travelers and Aetna-Travelers dated September 23, 2013.

**Defendants' Failure to Investigate and Defend**

53. Defendants, and each of them, have failed to timely investigate the Claims.

54. Defendants, and each of them, have failed either to accept the tender of defense, accept the tender of defense under a reservation of rights, or to timely defend King County in any one or all of the Claims.

COMPLAINT - 10

K&LGATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

FIRST CAUSE OF ACTION
TORT OF BAD FAITH
Providence and American Home

55. King County re-alleges paragraphs 1 through 53.

56. Providence and American Home each had a duty to conduct the required investigation of the Claims and each had a duty to accept the tender of defense of the Claims, or to accept the tender of defense of the Claims under a reservation of rights.

57. Providence and American Home each breached the duty to investigate and the duty to defend.

58. With respect to each of the Claims, each of Providence's and American Home's failure to investigate, and the failure to accept the tender of defense or the failure to accept the defense under a reservation of rights was unreasonable, frivolous or unfounded.

59. King County has been damaged by the bad faith actions of each of Providence and American Home in an amount to be proved at trial.

SECOND CAUSE OF ACTION
TORT OF BAD FAITH
Travelers and Aetna-Travelers

60. King County re-alleges paragraphs 1 through 58.

61. Travelers and Aetna-Travelers each had a duty to conduct the required investigation of the Claims and each had a duty to accept the tender of defense of the Claims, or to accept the tender of defense of the Claims under a reservation of rights.

62. Travelers and Aetna-Travelers each breached the duty to investigate and the duty to defend the Claims.

COMPLAINT - 11

K&LGATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

63. With respect to each of the Claims, each of Travelers' and Aetna-Travelers' failures to investigate and failures to accept the tender of defense or failures to accept the defense under a reservation of rights was unreasonable, frivolous, or unfounded.

64. With respect to the LDW Claim, each of Travelers' and Aetna-Travelers' assertions that the Ecology Notice Letter and the AOC did not constitute a suit, and their assertions that even if the Ecology Notice letter were a suit that the AOC resolved the suit, were unreasonable, frivolous or unfounded.

65. With respect to the Slip 4 Claim, the T-117 Claim, and the East Waterway Claim, each of Travelers' and Aetna-Travelers' failures to defend the Claims or to defend the Claims under a reservation of rights was unreasonable, frivolous, or unfounded.

66. King County has been damaged by the bad faith actions of each of Travelers and Aetna-Travelers in an amount to be proved at trial.

THIRD CAUSE OF ACTION
TORT OF BAD FAITH
Hartford

67. King County re-alleges paragraphs 1 through 65.

68. Hartford had a duty to conduct the required investigation of the Claims, including but not limited to the insolvency of Commercial Standard Insurance Company.

69. Hartford had a duty to accept the tender of defense of the Claims, or to accept the tender of defense of the Claims under a reservation of rights.

70. The defense clause in the Hartford policy is either ambiguous, or else it expressly requires Hartford to defend upon the insolvency of the underlying carrier.

COMPLAINT - 12

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

71. Hartford's January 21, 2014, response to King County's tender materially misstates the terms of the policy, as the policy does not require defense upon "exhaustion," but instead it requires a defense when "no underlying insurer is obligated to defend."

72. The insolvency of Commercial Standard Insurance Company in 1985 renders it not obligated to defend King County.

73. Hartford breached the duty to investigate and the duty to defend the Claims.

74. With respect to each of the Claims, each of  breach of the duty to investigate, and the failure to accept the tender of defense or the failure to accept the defense under a reservation of rights was unreasonable, frivolous or unfounded.

75. King County has been damaged by the bad faith actions of Hartford in an amount to be proved at trial.

RESERVATION OF CLAIMS

76. King County reserves all claims not expressly asserted in this action, including but not limited to, breach of contract for failure to defend and indemnify the County.

77. Each Defendant has, or on information and belief will, assert coverage defenses and policy exclusions that include, but are not limited to, the claim that King County expected or intended releases of contamination and property damage during the relevant policy periods or owned the property on which contamination came to be located.

78. Litigation of the contract claims at this time will materially prejudice King County in its defense of the underlying claims, including but not limited to the LDW Allocation.

COMPLAINT - 13

K&LGATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

79. The Court should order that all such claims and defenses thereto are reserved for later resolution or litigation after the conclusion of the LDW Allocation.

## DEMAND FOR JURY TRIAL

80. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, King County demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

King County prays for the following relief:

81. Judgment against each Defendant for its tortious bad faith conduct in an amount to be proved a trial;

82. Judgment that each Defendant is obligated to defend King County in each and every one of the tendered claims;

83. Judgment that each Defendant is estopped from asserting any policy defense;

84. Judgment that each Defendant is jointly and severally liable for all of King County's damages;

85. Judgment that each Defendant is liable for King County's damages regardless of coverage limits under its policies of insurance;

86. An order reserving for later litigation in the same or separate action all claims and defenses not expressly asserted in this Complaint or any Amended Complaint, including but not limited to, claims for breach of contract for each Defendant's failure to defend and indemnify King County.

87. Costs and attorney fees in bringing this action; and,

COMPLAINT - 14

K&LGATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

88. Such further legal and equitable relief as this Court deems proper.

DATED this 23rd day of December, 2014.

K&L GATES LLP

By s/ John Bjorkman
By s/ Martha Rodriguez-Lopez
   John Bjorkman, WSBA # 13426
   Martha Rodriguez-Lopez, WSBA # 35466
John.Bjorkman@klgates.com
Martha.Rodriguez-lopez@klgates.com

K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA  98104
T: 206-623-7580
F: 206-623-7022
Attorneys for King County

COMPLAINT - 15

K&LGATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022