# EXHIBIT H

S-1927.1

## SUBSTITUTE SENATE BILL 5726

**State of Washington**          **60th Legislature**          **2007 Regular Session**

**By** Senate Committee on Consumer Protection & Housing (originally sponsored by Senators Weinstein, Kline and Franklin)

READ FIRST TIME 02/16/07.

1    AN ACT Relating to creating the insurance fair conduct act;
2  amending RCW 48.30.010; adding a new section to chapter 48.30 RCW;
3  creating new sections; and prescribing penalties.

4  BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF WASHINGTON:

5    NEW SECTION. **Sec. 1.** This act may be known and cited as the
6  insurance fair conduct act.

7    NEW SECTION. **Sec. 2.** The definitions in this section apply
8  throughout this chapter unless the context clearly requires otherwise.
9    (1) "Insurer" means any insurer as defined in RCW 48.01.050.
10    (2) "Commissioner" means the insurance commissioner of this state.
11    (3) "Insured" means any individual, company, insurer, association,
12  organization, reciprocal or interinsurance exchange, partnership,
13  business trust, corporation, or other entity that has purchased
14  insurance, and including any first party claimant to a policy of
15  insurance issued to any insured.
16    (4) "Insurance claim" means any request by an insured for coverage
17  or benefits under a policy of insurance.

1    **Sec. 3.**  RCW 48.30.010 and 1997 c 409 s 107 are each amended to
2    read as follows:
3        (1) No person engaged in the business of insurance shall engage in
4    unfair methods of competition or in unfair or deceptive acts or
5    practices in the conduct of such business as such methods, acts, or
6    practices are defined pursuant to subsection (2) of this section.
7        (2) In addition to such unfair methods and unfair or deceptive acts
8    or practices as are expressly defined and prohibited by this code, the
9    commissioner may from time to time by regulation promulgated pursuant
10   to chapter 34.05 RCW, define other methods of competition and other
11   acts and practices in the conduct of such business reasonably found by
12   the commissioner to be unfair or deceptive after a review of all
13   comments received during the notice and comment rule-making period.
14       (3)(a) In defining other methods of competition and other acts and
15   practices in the conduct of such business to be unfair or deceptive,
16   and after reviewing all comments and documents received during the
17   notice and comment rule-making period, the commissioner shall identify
18   his or her reasons for defining the method of competition or other act
19   or practice in the conduct of insurance to be unfair or deceptive and
20   shall include a statement outlining these reasons as part of the
21   adopted rule.
22       (b) The commissioner shall include a detailed description of facts
23   upon which he or she relied and of facts upon which he or she failed to
24   rely, in defining the method of competition or other act or practice in
25   the conduct of insurance to be unfair or deceptive, in the concise
26   explanatory statement prepared under RCW 34.05.325(6).
27       (c) Upon appeal the superior court shall review the findings of
28   fact upon which the regulation is based de novo on the record.
29       (4) No such regulation shall be made effective prior to the
30   expiration of thirty days after the date of the order by which it is
31   promulgated.
32       (5) If the commissioner has cause to believe that any person is
33   violating any such regulation, the commissioner may order such person
34   to cease and desist therefrom.  The commissioner shall deliver such
35   order to such person direct or mail it to the person by registered mail
36   with return receipt requested.  If the person violates the order after
37   expiration of ten days after the cease and desist order has been

1   received by him or her, he or she may be fined by the commissioner a
2   sum not to exceed two hundred and fifty dollars for each violation
3   committed thereafter.
4       (6) If any such regulation is violated, the commissioner may take
5   such other or additional action as is permitted under the insurance
6   code for violation of a regulation.
7       (7) An insurer engaged in the business of insurance may not
8   unreasonably or negligently deny a claim for coverage or payment of
9   benefits to any insured.

10      NEW SECTION.  **Sec. 4.**  A new section is added to chapter 48.30 RCW
11  to read as follows:
12      (1) Any insured or first party claimant to a policy of insurance
13  who is unreasonably or negligently denied a claim for coverage or
14  payment of benefits by an insurer may bring an action in the superior
15  court of this state to recover the actual damages sustained, together
16  with the costs of the action, including reasonable attorneys' fees and
17  litigation costs, as set forth in subsection (3) of this section.
18      (2) The superior court may, after finding that an insurer has acted
19  unreasonably or negligently in denying a claim for coverage or payment
20  of benefits or has unreasonably or negligently violated the Washington
21  Administrative Code, increase the total award of damages to an amount
22  not to exceed three times the actual damages.
23      (3) The superior court shall, after a finding of unreasonable or
24  negligent denial of a claim for coverage or payment of benefits, or
25  after a finding of a violation of the Washington Administrative Code,
26  award reasonable attorneys' fees and actual and statutory litigation
27  costs, including expert witness fees, to the insured or first party
28  claimant of an insurance contract who is the prevailing party in such
29  an action.
30      (4) The remedies set forth in this chapter are separate from the
31  remedies prescribed by RCW 19.86.090 of the consumer protection act.

--- **END** ---