1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

KING COUNTY,

CASE NO. C14-1957 MJP

11

Plaintiff,

ORDER ON MOTIONS TO DISMISS
IFCA CLAIM

12

v.

13

TRAVELERS INDEMNITY
COMPANY, et al.,

14

15

Defendants.

16

17

The Court, having received and reviewed:

18

1.  Defendants' (Travelers and Providence Washington) Motions to Dismiss King

County's IFCA Claim (Dkt. Nos. 22 and 26),

19

20

2.  King County's Opposition to Defendants' Motion to Dismiss (Dkt. No. 33)

21

3.  Defendants' (Travelers and Providence Washington) Replies in Support of Motions to

Dismiss (Dkt. Nos. 35 and 36),

22

23

4.  Defendant Hartford's Joinder in Motions to Dismiss and Replies (Dkt. Nos. 27 and

37),

24

ORDER ON MOTIONS TO DISMISS IFCA
CLAIM- 1

1   and all attached declarations and exhibits, makes the following ruling:

2         IT IS ORDERED that the motion is GRANTED and King County's Fourth Cause of

3   Action, an IFCA claim, is DISMISSED with prejudice.  Defendant Hartford's joinder motion

4   will also be GRANTED and the dismissal of the IFCA claim will be as to all defendants.

5

6                                         **Background**

7         This matter concerns Plaintiff King County's claim for defense and indemnity coverage

8   under third-party liability policies issued by Defendants, for costs arising from Plaintiff's defense

9   associated with the cleanup of two superfund sites in the county.  Plaintiff filed its original

10  complaint on December 23, 2014 (Dkt. No. 1); on February 5, 2015 (before any answers had

11  been filed), Plaintiff amended its complaint to allege violations of the Washington Insurance Fair

12  Conduct Act ("IFCA"); WAC 284-30-330, WAC 284-30-360, WAC 284-30-370, WAC 284-30-

13  380.

14

15                                    **Discussion/Analysis**

16        Defendants assert that, as a matter of law, Plaintiff cannot state a claim under IFCA

17  arising from demands for insurance coverage under a third-party liability insurance policy.  This

18  Court has twice addressed this issue (*see* Cox v. Continental Casualty Co., C13-2288MJP, 2014

19  WL 2011238, 2014 WL 2560433; and Central Puget Sound Regional Trans. Authority v.

20  Lexington Ins. Co., C14-778MJP, 2014 WL 5859321) and twice determined that "IFCA…

21  applies only to first-party insurance."  Central Puget Sound, 2014 WL 5859321 at *3 (*citing*

22  Cox).

23

24

ORDER ON MOTIONS TO DISMISS IFCA
CLAIM- 2

1       Plaintiff attempts a third bite at this apple, arguing that preceding proponents of its

2   position have failed to present to the Court the legislative history of IFCA which the County

3   alleges supports its position.  Plaintiff asserts that this Court must follow Washington's

4   principles of statutory construction, and that those principles direct the Court to employ statutory

5   construction to carry out the "intent and purpose of the Legislature."  Harmon v. DSHS, 134

6   Wn.2d 523, 530 (1998).

7       While Plaintiff urges the Court to consider IFCA's legislative history in accord with

8   Washington principles of statutory construction, it fails to place those principles in context.  The

9   Washington Supreme Court counseled "resort to the tools of statutory construction" only under

10  certain circumstances:

11          In determining the meaning of a statute, we apply general principles of statutory
            construction. These principles begin with the premise that if a statute is plain and
12          unambiguous, its meaning must be derived from the language of the statute itself. State v.
            Mollichi, 132 Wn.2d 80, 87, 936 P.2d 408 (1997); Marquis v. City of Spokane, 130
13          Wn.2d 97, 107, 922 P.2d 43 (1996). Ambiguity exists if the language of a statute is
            susceptible to more than one reasonable interpretation. Vashon Island Comm. for Self-
14          Gov't v. Washington State Boundary Review Bd., 127 Wn.2d 759, 771, 903 P.2d 953
            (1995). If a statute is ambiguous, resort to the tools of statutory construction is
15          appropriate. State v. Bash, 130 Wn.2d 594, 601-02, 925 P.2d 978 (1996).

16  Harmon, 134 Wn.2d at 530.

17      A finding of ambiguity must precede any inquiry into legislative intent.  A cause of

18  action arises under IFCA when "[a]ny first party claimant to a policy of insurance … is

19  unreasonably denied a claim for coverage or payment of benefits by an insurer."  RCW

20  48.30.015.  The statute defines "first party claimant" as "an individual, corporation, association,

21  partnership or other legal entity asserting a *right to payment* as a covered person under an

22  insurance policy or insurance contract *arising out of the occurrence of the contingency or loss*

23  covered by such a policy or contract."  RCW 48.30.015(4) (emphasis supplied).

24

ORDER ON MOTIONS TO DISMISS IFCA
CLAIM- 3

1    The Court sees no ambiguity in the language of the statute or the statutory definition of

2  who may assert an IFCA claim.  The Washington Supreme Court has defined "first-party

3  insurance" as any policy that "pay[s] specified benefits *directly* to the insured when a

4  'determinable contingency' occurs," " allow[ing] an insured to make her own personal claim for

5  payment against her insurer."  Mutual of Enumclaw Ins. Co. v. Dan Paulson Constr., Inc., 161

6  Wn. 2d 903, 914 n. 8 (2007) (citing Thomas W. Harris, Washington Insurance Law § 1.2 (2d ed.

7  2006)) (emphasis supplied).  The statute defines "first party claimant" narrowly, in a way that

8  applies only to first-party insurance.

9    The County points to no ambiguity in the language of the statute and (as analyzed above)

10  the Court finds none.  In the absence of any ambiguity, the meaning of IFCA "must be derived

11  from the language of the statute itself."  The Court has spoken (twice) on what the language of

12  this particular statute means.

13    Neither will the Court adopt Plaintiff's argument that public policy should be allowed to

14  dictate the meaning of the statute.  Punitive damages such as those levied under IFCA are, as a

15  rule, contrary to public policy.  Brown v. MHN Gov't Serv., Inc., 178 Wn.2d 258, 277

16  (2013)(concurrence)(citation omitted); *see also*, Dailey v. North coast Life Ins. Co., 129 Wn.2d

17  572, 574 (1996)("Since its earliest decisions, this court has consistently disapproved punitive

18  damages as contrary to public policy.").  Further, Washington adheres to the "principle of

19  statutory construction [that] statutes in derogation of the common law must be construed

20  narrowly."  Cosmopolitan Eng. Corp., Inc. v. Ondeo Degremont, Inc., 159 Wn.2d 292, 303

21  (2006).  As it has previously, the Court declines to adopt the expansive reading of IFCA

22  propounded by Plaintiff.

23

24

ORDER ON MOTIONS TO DISMISS IFCA
CLAIM- 4

1

**Conclusion**

2        "First party claimant" as used in IFCA does not apply to an insured with a third-party

3  insurance contract, and thus Plaintiff's IFCA cause of action in its amended complaint must be

4  DISMISSED as to all defendants.  Because there is no further amendment possible which could

5  remedy this defect, the dismissal of the IFCA claim will be with prejudice.

6

7        The clerk is ordered to provide copies of this order to all counsel.

8        Dated April 23, 2015.

9

10

11  _____
   Marsha J. Pechman

12  United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON MOTIONS TO DISMISS IFCA
CLAIM- 5