Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KING COUNTY, a Washington municipal
corporation,

                              Plaintiff,

        v.

TRAVELERS INDEMNITY COMPANY, *et al.*,

                              Defendants.

Case No. 2:14-cv-01957-MJP

**DECLARATION OF DAVID HOWENSTINE RE: PROVIDENCE WASHINGTON INSURANCE COMPANY'S OPPOSITION TO KING COUNTY'S MOTION FOR SUMMARY JUDGMENT ON BAD FAITH**

THE TRAVELERS INDEMNITY
COMPANY, *et al.*,

                     Third-Party Plaintiffs,

        v.

CONTINENTAL CASUALTY COMPANY,
*et al.*,

                     Third-Party Defendants.

I, David W. Howenstine, declare as follows:

        1.      I make this declaration based on personal knowledge and I am familiar with the facts stated herein.  I am over the age of 18 and I am otherwise competent to testify.

        2.      I am an attorney at Lane Powell and represent Defendant Providence Washington Insurance Company ("Providence") in this case. I have been actively involved in

DECLARATION OF DAVID HOWENSTINE
(No. 2:14-cv-01957-MJP) - 1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

discovery matters for this case.

3.    Attached as **Exhibit A** is a copy of the "Learn about Cleanup" page on the Lower Duwamish Waterway Group website, which is publicly available online at www.ldwg.org/learn.html (accessed May 9, 2016). The Lower Duwamish Waterway Group consists of the Port of Seattle, the City of Seattle, King County, and the Boeing Company.  The "Learn about Cleanup" page states:

> Since 2000, the Lower Duwamish Waterway Group (LDWG) partners have worked under a voluntary agreement with the U.S. Environmental Protection Agency (EPA) and the Washington State Department of Ecology (Ecology) for a coordinated investigation of the Lower Duwamish Waterway (LDW) sediments.

4.    Attached as **Exhibit B** is a copy of a letter dated June 13, 2013 from King County Executive Dow Constantine to the U.S. Environmental Protection Agency ("EPA"), along with an attached letter from King County to the EPA with King County's Detailed Comments on EPA Proposed Plan for the Lower Duwamish Waterway on the EPA's proposed plan on the Lower Duwamish Waterway Superfund Site.  This declaration attaches only excerpts from King County's Detailed Comments. The letters and complete attachments are publicly available online at the LDWG website at www.ldwg.org/Assets/FS/KingCounty_EPAProposedPlan_LDWComments.pdf (accessed May 9, 2016).  In its Detailed Comments on the EPA's proposed plan, King County includes the following comment and request for revision at page 14:

> The County, City, Port and Boeing initiated the discussions with EPA and Ecology to conduct a cleanup of the Waterway and voluntarily agreed to enter into an Administrative Order on Consent with EPA and Ecology when, after an agreement in principle was reached, the Department of Justice insisted that the site be formally listed under CERCLA.  The text should reflect this unique and collaborative effort as it has bearing to the approach and the Early Actions.  At a minimum, the language should be modified by replacing "were issued" with "volunteered to enter into."

5.    Attached as **Exhibit C** is a copy of the "King County's long-standing commitment to the Duwamish" page from King County's website, which is publicly available online at www.kingcounty.gov/environment/wastewater/Duwamish-

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

1  waterway/Commitment.aspx (accessed May 9, 2016). This page includes a Duwamish

2  Waterway timeline that describes Metro's and King County's historical knowledge of pollution

3  at the Lower Duwamish Waterway and their historical efforts to clean up and test for pollution.

4  The timeline begins in 1958 and has regular entries throughout the 1960s, 1970s, 1980s, 1990s,

5  and 2000s, including the following entry:

> 2000: Lower Duwamish Waterway Group forms to investigate Duwamish
> sediments: The Boeing Company, the City of Seattle, King County, and the Port
> of Seattle (the Lower Duwamish Waterway Group or LDWG) complete a
> voluntary agreement to begin investigation of the Lower Duwamish Waterway
> sediments, toward an ultimate waterway cleanup plan.

6.     The original defendants in this case, Providence, Travelers, and Hartford,

prepared a collection of initial discovery requests to King County, which included 26 requests

for production.  On May 20, 2015, Travelers served these discovery requests on King County.

7.     On June 19, 2015, King County responded to the discovery requests and

asserted numerous objections to production.  Attached as **Exhibit D** is a copy of King County's

objections and responses.  Despite its numerous objections and assertions of privilege, King

County did not produce a privilege log or otherwise identify the documents withheld. The only

documents the County produced with its June 19, 2015 objections and responses were copies of

insurance policies that had already been produced to defendants.

8.     On July 2, 2015, the defendants scheduled a meet-and-confer with King County

about its discovery objections and responses in an attempt to cooperatively resolve the

County's objections.  Although the County agreed to produce a limited number of additional

documents, the County refused to withdraw the majority of its objections.

9.     Since its initial response on June 19, 2015, the County has produced, on a

rolling basis on June 23, 2015, August 11, 2015, and August 18, 2015, copies of

communications between King County and the respective defendants, as well as a limited

number of communications between the County and certain other insurers.

10.    To date, however, the County has otherwise failed to produce other responsive

documents requested in the discovery requests, including documents it stated would be

DECLARATION OF DAVID HOWENSTINE
(No. 2:14-cv-01957-MJP) - 3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

produced in its June 19, 2015 responses.  Notably, the County has not produced any documents regarding its alleged costs and/or damages.

11.     The County has also still not produced a privilege log.

12.     On August 14, 2015, the Court denied King County's motion to bifurcate.

13.     On August 17, 2015, the defendants followed-up with King County to request that the County withdraw its objections to discovery and promptly supplement its production based on the Court's ruling.  On August 18, 2015, counsel for the County stated that the County was "revisiting" the discovery requests, but needed "to identify responsive documents and prepare and circulate a protective order" and that it would respond "in due course." The defendants again followed-up about the timing of the County's supplementation and whether there were categories of documents that it would still refuse to produce.  I specifically requested that the County provide a date certain for the supplementation, explaining that "the County's pending motion for summary judgment makes it necessary for us to know more than that the County will supplement 'in due course' so that we can evaluate our options in responding to the County's motion."  The County did not respond and did not circulate a draft protective order. Attached as **Exhibit E** is a copy of the e-mail exchange between the parties.

14.     One of the primary alleged impediments to discovery in this case was the County's argument that the case should be bifurcated and its assertion that it had no obligation to produce documents or participate in discovery relevant to the defendants' claims and defenses until the Court ruled on its motion to bifurcate. Because the County refused to meaningfully respond to the defendants' discovery requests, the defendants have not yet had an opportunity to review potentially critical, undisclosed documents or to schedule or prepare for any depositions in this case.

15.     Now that the Court has denied the County's motion to bifurcate and the Court approved a new case schedule and case management plan, it is expected that the County will withdraw its previous objections and provide meaningful responses to the defendants' initial discovery requests.  If the County continues to refuse to respond, however, it is likely that the

DECLARATION OF DAVID HOWENSTINE
(No. 2:14-cv-01957-MJP) - 4

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

defendants will move to compel and the Court will be called on to resolve any outstanding discovery dispute.  Once the County produces documents or the discovery dispute is resolved by the Court, Providence will be able to determine whether follow-up written discovery is necessary and will be able to begin scheduling depositions of witnesses.

16.    At the time King County filed its motion for summary judgment against Providence, however, the Court had not yet denied the County's motion to bifurcate and the County had not meaningfully responded to the defendants' discovery requests.

17.    Before this Court could grant King County's motion for summary judgment, Providence should be able to complete its factual and expert discovery concerning the numerous disputed issues in this case.  At a minimum, Providence should be permitted to obtain substantive responses to the initial discovery requests that were served in May 2015, to conduct follow-up written discovery as appropriate, and to conduct depositions of a 30(b)(6) representative of King County, of persons who handled the tender and post-tender communications, including John Bjorkman and possibly Jennifer Hillis, and of persons who have knowledge of the cleanups and related matters, including William Blakney, who filed a declaration in support of the County's motion for summary judgement but was not identified in the County's initial disclosures.

18.    It is difficult to predict exactly what facts and evidence will be revealed through discovery, but the specific facts and evidence that Providence expects to uncover through written discovery and depositions include, but are not limited to, the following:

a.   The circumstances that led to King County's decision to delay tender by 13 years, including whether the County intentionally violated its cooperation obligations and deliberately failed to notify Providence so that it could exercise exclusive control without interference from any insurers;

b.   The prejudice caused by King County's late tender and its handling of the matters;

c.   The rates, amount, and reasonableness of fees and costs charged by King

DECLARATION OF DAVID HOWENSTINE
(No. 2:14-cv-01957-MJP) - 5

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

County's attorneys, including K&L Gates, and any other representatives or consultants;

d. King County's post-tender actions and unclean hands, including whether the County acted intentionally in an attempt to set up Providence for a bad faith claim in violation of its statutory good faith obligations;

e. The alleged relationship between King County and Metro, including Metro's separate insurance program and any settlements under Metro insurance policies;

f. Whether King County experienced any actual harm as a result of the alleged bad faith actions of Providence;

g. Any selective tenders, settlements, and policy releases made by King County before its tender to Providence in July 2013;

19.    As explained in Providence's opposition to King County's motion for summary judgment, these facts and discovery are essential to oppose summary judgment and weigh directly on the legal issues in dispute.  Moreover, it is King County, not defendants, who are in possession of this information.

20.    To date, the County refuses to provide counsel access to the document-sharing site or copies of any documents allegedly added at unknown dates.  When I requested access to the document-sharing site, I was told that the County "expressly reserves all of its rights as to any claims of any kind arising out of Providence making these documents available to [me] or any other person."  This unusual response suggested to me that King County would somehow attempt to hold me and/or Providence liable if I attempted to access the document-sharing site.  My understanding is that Travelers received a similar response.  Accordingly, the defendants requested the documents on the document-sharing site via discovery.  King County has not produced any such documents.  On July 27, 2015, the County stated that it had withdrawn all access to the document-sharing site.

21.    Attached as **Exhibit F** are excerpts from the Verbatim Report of Proceedings of the August 11, 2014 hearing before this Court on King County's motion to bifurcate.  These

DECLARATION OF DAVID HOWENSTINE
(No. 2:14-cv-01957-MJP) - 6

excerpts include pages 1, 5-6, 13, and 44.

22.     Attached as **Exhibit G** is a copy of the Memorandum of Agreement Between the Port of Seattle, the City of Seattle, and King County Regarding the East Waterway Operable Unit of the Harbor Island Superfund Site Supplemental Remedial Investigation/Feasibility Study, dated March 27, 2006.  This Memorandum of Agreement was provided with King County's July 19, 2013 letter.  This document was produced by the County and marked as KC_Docs_001425-1435.

23.     Attached as **Exhibit H** is a copy of the Alternative Dispute Resolution Memorandum of Agreement, which governs the allocation mediation proceedings.   This document was produced by the County and marked as KC_Docs_001242-1300.

24.     Attached as **Exhibit I** is a copy of the Settlement Agreement between King County and the City of Seattle in the *City of Seattle v. The Boeing Company* lawsuit. This settlement was provided with King County's July 19, 2013 letter.  This document was produced by the County and marked as KC_Docs_001500-1506.

25.     Attached as **Exhibit J** is a copy of a Settlement Agreement and Release dated February 9, 1998. This settlement and release was entered into by King County and Continental Casualty Company, Phoenix Assurance Company of New York, Commercial Insurance Company of Newark, New Jersey, Pacific Insurance Company, and Transcontinental Insurance Company with respect to 13 insurance policies issued to Metro. This document was produced by the County and marked as KC_Docs_001051-1060.

26.     Attached as **Exhibit K** is a copy of a Settlement Agreement and Release dated July 17, 1997.  This settlement and release was entered into by King County and American Home Assurance Company, the Insurance Company of the State of Pennsylvania, Granite State Insurance Company, National Union Fire Insurance Company of Pittsburgh, PA., and New Hampshire Insurance Company with respect to 38 policies issued to Metro.

DECLARATION OF DAVID HOWENSTINE
(No. 2:14-cv-01957-MJP) - 7

1          I declare under penalty of perjury under the laws of the United States that the foregoing

2  is true and correct.

3          DATED:  May 13, 2016.

4

5                                                  *s/ David Howenstine*

6                                                  David Howenstine

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DECLARATION OF DAVID HOWENSTINE
(No. 2:14-cv-01957-MJP) - 8

1

**CERTIFICATE OF SERVICE**

2        I, certify that I electronically filed the foregoing document with the Clerk of the Court

3    using the CM/ECF system, which will send notification of such filing to:

4

| | |
|---|---|
| <u>Attorneys for Plaintiff</u> | <u>Attorneys for Defendant Hartford Accident and Indemnity Company; Twin City Fire Insurance Company; and New England Re-Insurance Company</u> |
| John Bjorkman<br>Martha Rodriguez-Lopez<br>K&L Gates LLP<br>925 Fourth Ave., Suite 2900<br>Seattle, WA 98104<br>John.bjorkman@klgates.com<br>Martha.rodriguez-lopez@klgates.com<br><br>And<br><br>Michael J. Lynch, Pro Hac<br>Paul E. Del Vecchio, Pro Hac<br>Syed D. Ali, Pro Hac<br>K&L Gates LLP<br>210 Sixth Avenue<br>Pittsburgh, PA 15222<br>Michael.lynch@klgates.com<br>Paul.delvecchio@klgates.com<br>Syed.ali@klgates.com | Carl E. Forsberg<br>Kenneth J. Cusack<br>Forsberg & Umlauf, P.S.<br>901 Fifth Ave., Suite 1400<br>Seattle, WA 98164<br>cforsberg@forsberg-umlauf.com<br>kcusack@forsberg-umlauf.com |
| <u>Attorneys for Defendant The Travelers Indemnity Company, and Travelers Casualty and Surety Company (formerly known as Aetna Casualty and Surety Company</u> | <u>Attorneys for Defendant American Home Assurance Company; Lexington Insurance Company; and National Union Fire Insurance Company of Pittsburgh, PA</u> |
| Everett W. Jack<br>Nancy A. Brownstein<br>Davis Wright Tremaine<br>1300 SW 5th Avenue, Suite 2400<br>Portland, OR 97201-5682<br>everettjack@dwt.com<br>nancybrownstein@dwt.com<br><br>Steven P. Caplow<br>Davis Wright Tremaine<br>1201 Third Avenue, Suite 2200<br>Seattle, Washington 98101-3045<br>stevencaplow@dwt.com | Jeffrey D. Laveson<br>Linda B. Clapham<br>Carney Badley Spellman, P.S.<br>701 Fifth Ave., Suite 3600<br>Seattle, WA 98104<br>laveson@carneylaw.com<br>clapham@carneylaw.com<br>keihn@carneylaw.com |

DECLARATION OF DAVID HOWENSTINE
(No. 2:14-cv-01957-MJP) - 9

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

| | |
|---|---|
| <u>Attorneys for Defendant Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America, as successor to Indemnity Insurance Company of North America, and Federal Insurance Company</u><br><br>Steven Soha<br>Misty Edmundson<br>Soha & Lang, P.S.<br>1325 Fourth Ave., Suite 2000<br>Seattle, WA 98101-2570<br>soha@sohalang.com<br>edmundson@sohalang.com | <u>Attorneys for Third-Party Defendant Munich Reinsurance America, Inc. f/k/a American Re-Insurance Company</u><br><br>Sally E. Metteer<br>Wilson Smith Cochran Dickerson<br>901 Fifth Ave., Suite 1700<br>Seattle, WA 98164<br>metteer@wscd.com<br><br>Bruce H. Winkelman (Pro Hac)<br>Craig & Winkelman LLP<br>2140 Shattuck Avenue, Suite 409<br>Berkeley, CA 94704<br>bwinkelman@craig-winkelman.com |
| <u>Attorneys for Defendant Employers Mutual Liability Insurance Company of Wisconsin</u><br><br>Andrea Holburn Bernarding<br>Law Office of Andreas Holburn Bernarding<br>1730 Minor Ave., Suite 1130<br>Seattle, WA 98101<br>holbura@nationwide.com<br><br><br>And<br><br>**Pro Hac:**<br><br>Bryan Barber<br>Barber Law Group<br>525 University Ave., Suite 600<br>Palo Alto, CA 94301<br>Phone: (415) 273-2930<br>bbarber@barberlg.com | <u>Attorneys for Third-Party Defendants Continental Casualty Company and The Continental Insurance Company, in its own capacity and as Successor in Interest to Certain Phoenix Assurance Company of New York Insurance Policies; as Successor by Merger to Pacific Insurance Company; as Successor by Merger to Commercial Insurance Company of Newark, NJ</u><br><br>Jenny Durkan<br>Quinn Emanuel Urquhart & Sullivan LLP<br>600 University Street, Suite 2800<br>Seattle, WA 98101<br>Phone: (206) 905-7000<br>Fax:  (206) 905-7001<br>jennydurkan@quinnemanuel.com<br><br>and Pro Hac:<br><br>Renita Sharma<br>Quinn Emanuel LLP<br>51 Madison Ave., 22nd Floor<br>New York, New York 10010<br>Phone: (212) 849-7000<br>renitasharma@quinnemanuel.com |

DATED: May 13, 2016.

_s/ Kris Budigan_
Kris Budigan

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107