UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KING COUNTY,<br><br>                Plaintiff,<br><br>     v.<br><br>TRAVELERS INDEMNITY CO.,<br>PROVIDENCE WASHINGTON<br>INSURANCE CO.*, et al.*,<br><br>                Defendants. | Civil Action No. 2:14-cv-01957-BJR<br><br>ORDER GRANTING THIRD PARTY DEFENDANTS CONTINENTAL CASUALTY COMPANY, ET AL.'S MOTION TO APPROVE SETTLEMENT AND BAR CONTRIBUTION AND TO DISMISS CLAIMS |

## I.    INTRODUCTION

In 2013, Plaintiff King County tendered claims for defense and indemnity to a number of its insurers, including Continental Casualty Company, Phoenix Assurance Company of New York, Commercial Insurance Company of Newark, New Jersey, Pacific Insurance Company, and the Continental Insurance Company (collectively, "CNA"). CNA acknowledged King County's tender and assumed the County's defense under a reservation of rights. However, many of the County's other insurers refused coverage, which led King County to file the instant insurance action. Dkt. 1. One of these insurers, Defendant Travelers Indemnity Company and its affiliates ("Travelers"), filed a third-party complaint against CNA for allocation, subrogation, and

equitable indemnity. Dkt. 46. Having already resolved its coverage dispute with King County, CNA now seeks an order from the Court barring any additional contribution claims and moves to dismiss Travelers' claims against it.

The basis of CNA's motion is a settlement agreement ("2016 Agreement") with King County in a related proceeding, in which CNA sought a declaratory judgment that King County's environmental claims were precluded by a prior settlement agreement ("1998 Agreement") between the parties. *See Continental Casualty Co., et al. v. King County*, Case. No. 2:15-cv-00797-JCC, Dkt. 1. Travelers—joined by many of its co-defendants—opposes CNA's motion. Having reviewed the parties' briefing, the record of the case, as well as the relevant legal authority, the Court will grant CNA's motion. The reasoning for the Court's decision is set forth below.

## II.    BACKGROUND

The following facts are undisputed. In 1990, the United States, on behalf of the National Oceanic and Atmospheric Administration (NOAA), filed a complaint against the Municipality of Metropolitan Seattle ("Metro"). Dkt. 389-1, Ex. 1 at 3. The complaint sought to recover damages from Metro for injury to, destruction of, and loss of natural resources resulting from the release of hazardous substances in and around the Duwamish River and Elliott Bay. *Id.* In 1998, King County, acting as Metro's successor in interest, executed a settlement agreement with CNA, in which CNA agreed to pay $3.1 million for the costs incurred by the County as a result of environmental contamination. Dkt. 389-1, Ex. 2 at 3. In exchange for this payment, King County agreed to release CNA from any liability for past, present, and future claims that "allegedly arise out of or are in any way connected with" the Lower Duwamish Waterway and Elliott Bay. *Id.* at 4.

In 2013, King County tendered claims to a number of its insurers, including CNA, related to environmental cleanup efforts at the Lower Duwamish Waterway and Elliott Bay Superfund sites. CNA accepted the County's tender and assumed its defense under a reservation of rights. While CNA was determining coverage, the County filed the instant insurance action against a series of insurers that had refused coverage and defense, including Travelers. As part of this litigation, Travelers filed a third-party complaint against numerous insurers, including CNA, for allocation, subrogation, and equitable indemnity. Dkt. 46.

After concluding that its acceptance of the County's tender was in error, CNA filed a declaratory judgment action seeking a ruling that the 1998 Agreement precluded the claims that King County had tendered to CNA in 2013. *See Continental Casualty Co., et al. v. King County*, Case No. 2:15-cv-00797-JCC, Dkt. 1. In June 2016, CNA reached a settlement agreement with the County. *Id.* at Dkt. 23. Pursuant to the terms of the 2016 Agreement, CNA—joined by King County—now moves for an order dismissing Travelers' third-party claims and barring any future contribution claims by the non-settling insurers in this case. Travelers opposes this motion, arguing that the 2016 Agreement is collusive and that a contribution-bar order would not adequately protect its interests.

### III.   DISCUSSION

This Court has "the inherent equitable power to enter an order precluding subsequent claims for contribution . . . by non-settling parties." *Bank of Am. v. Travelers Indem. Co.*, No. C07-0322-RSL, 2009 WL 529227, at *1 (W.D. Wash. March 2, 2009) (internal citation omitted). Contribution-bar orders are recognized as "consistent with the public policy encouraging settlement." *Canal Indem. Co. v. Global Dev., LLC*, No. 2-14-CV-00823-RSM, 2015 WL 347753, at *3 (W.D. Wash. Jan 26, 2015) (citing *Puget Sound Energy v. Certain Underwriters at*

3

*Lloyd's*, 133 P.3d 1068, 1079 (Wash. App. 2006)).  However, "the public policy favoring settlement and the Court's interest in expeditiously clearing complex litigation from its docket must . . . 'be tempered by the need to assure factual fairness and the correct application of legal principles' when considering a contribution bar." *Bank of Am.*, 2009 WL 529227, at *1 (quoting *Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1225 (9th Cir. 1989)).  Therefore, a bar order is only appropriate where (1) the proposed settlement is reasonable; and (2) the interests of the non-settling defendants are protected.  *Id.*

The reasonableness requirement is "not a high hurdle."  *Id.*  "[T]he Court must simply ensure that the settlement is not patently collusive or inadequate."  *Id.*  Here, CNA asserts that the Court should enter the proposed contribution-bar order because the 2016 Agreement is the product of arms's-length negotiation and is, therefore, reasonable.  Travelers questions whether the settlement was actually the product of arm's-length negotiation and alleges that CNA and King County conspired to craft a "sweetheart deal" through which King County can "extinguish its potential indemnification obligation" to Travelers and other insurers.  Dkt. 405 at 7.

The indemnification obligation to which Travelers is referring ostensibly arises out of a provision contained in the 1998 Agreement.  The Agreement provides that King County will defend, indemnify, and hold harmless CNA "from and against any demand, claim, suit, cause of action, or request of other insurers of the County . . . including claims for apportionment, indemnity, and contribution."  Dkt. 390-4, Ex. 2 at 5.  Travelers insists that this indemnification provision exists for the benefit of Travelers and other insurers similarly situated and may not be extinguished.  But the indemnification provision served the same purpose in 1998 as the bar order would now—it allows CNA to enter into a settlement unencumbered by the threat of further claims from non-settling parties.  The 1998 Agreement neutralized this threat by

4

promising that King County would stand in CNA's shoes in any future contribution litigation. The 2016 Agreement merely replaces that provision with a court order that serves the same purpose while also advancing the public interest in settling complex, multiparty litigation and "reward[ing] compromise." *Bank of Am.*, 2009 WL 529227, at *1.

As to the second requirement for a claim-bar order—that the interests of non-settling parties be protected—Travelers argues that the order would "simply eviscerate" its rights to contribution. Travelers' provides no support—and the Court finds no authority—for its argument that its right of contribution is unassailable. On the contrary, the Ninth Circuit has approved an order extinguishing a non-settling party's right of contribution even where the right was guaranteed by federal statute. *See Franklin*, 884 F.2d at 1229. Weighing the "overriding public interest in settling and quieting litigation," the court determined that Congress had not "intended the right to contribution to be inextinguishable." *Id.* Likewise, this Court finds that the 1998 Agreement does not prevent it from extinguishing Travelers' right to seek contribution from CNA in the interest of promoting settlement in this complex, multiparty litigation.

To the extent that Travelers is concerned about greater financial exposure if it is unable to seek contribution from CNA, that concern "does not in itself render the bar order inappropriate." *Canal Indem.*, 2015 WL 347753, at *5. Indeed, courts in this district have entered contribution-bar orders that left non-settling defendants exposed to 50% or more of the total damages awarded. *Id.* (citing *Cadet Mfg. Co. v. Am. Ins. Co.,* No. C04-5411FDB, 2006 WL 910000 at *2 (W.D. Wash. April 7, 2006); *Zidell Marine Corp. v. Beneficial Fire and Cas. Ins. Co.*, No. C03–5131RBL, at Dkt. #254, pg. 6 (W.D. Wash. May 24, 2004)). Here, in contrast, Travelers is one of over 20 remaining defendants in this case and is seeking contribution from several insurers. Thus, the Court is not convinced that Travelers would be left to shoulder an unreasonable burden

if CNA is extracted from this litigation.  Further, any attempt by the Court to measure an individual insurer's coverage obligation in order to ensure that each does not pay more than its fair share would be inappropriate at this juncture.  It is best left to the parties in this case to determine how damages are fairly allocated.

Next, Travelers argues that the requested contribution-bar would be "one-sided" because it would dismiss Travelers' claims against CNA while still allowing CNA to seek contribution from it.  Dkt. 405 at 2.  CNA asserted counterclaims against Travelers in the third-party contribution litigation, but has resolved to voluntarily dismiss the claims upon entry of a contribution-bar order.  Dkt. 413 at 7.  The Court is therefore satisfied that the requested order would not promote CNA's interests at the expense of Travelers.

Finally, Travelers asks the Court to revise the 2016 Agreement to include a proviso that King County will assume the risk of inadequate settlement and will be responsible for any difference between the settlement amount and CNA's share of the damages awarded, if any.  But even if the bar order was not entered, CNA would not be directly responsible for any share of damages awarded to King County because it was not named as a co-defendant in this action.  CNA's exposure in this case is limited to the contribution claims that *Travelers* instituted against it; its dispute with King County was resolved in a separate proceeding that ended in settlement.  Thus, the Court concludes that no such proviso is necessary to protect the interests of non-settling insurers in this case.

## IV.   CONCLUSION

NOW, THEREFORE, IT IS ORDERED AS FOLLOWS:

(1) The Court finds the 2016 Settlement Agreement between CNA and King County to be reasonable and hereby GRANTS CNA's Motion for Order Approving Settlement and Barring Claims, and for Dismissal of Claims [Dkt. #386].

(2) The third-party claims brought by Travelers Indemnity Company, et al. [Dkt. #46] against Continental Casualty Company, Phoenix Assurance Company of New York, Commercial Insurance Company of Newark, New Jersey, Pacific Insurance Company, and the Continental Insurance Company in civil action 2:14-cv-01957-BJR are DISMISSED WITH PREJUDICE.

(3) Any other future claims for contribution, allocation, subrogation, and equitable indemnity against Continental Casualty Company, Phoenix Assurance Company of New York, Commercial Insurance Company of Newark, New Jersey, Pacific Insurance Company, and the Continental Insurance Company by the non-settling insurers in this matter are also hereby BARRED.

Dated this 1st day of March, 2017.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge