UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KING COUNTY, | |
| *Plaintiff*, | Civil Action No. 2:14-cv-01957-BJR |
| v. | ORDER GRANTING MOTION TO INTERVENE |
| PROVIDENCE WASHINGTON INSURANCE CO., *et al.*, | |
| *Defendants*. | |

Before the Court is the City of Seattle's motion to intervene for the limited purpose of responding to a discovery motion that the City anticipates will be filed by Defendant Employers Insurance of Wausau ("Wausau"). Doc. 635. Specifically, the City requests that it be heard regarding the potential production of documents assembled and/or created during a multi-year alternative dispute resolution process known as the Duwamish Allocation. *Id*. The City is one of 44 parties participating in the Allocation. *Id*. at 1. According to the City, "nearly all the other parties" share the City's concern that the documents that will be sought are subject to the strict confidentiality requirements of the agreement that governs the Allocation. *Id*. at 2. Defendant

1

Wausau does not oppose the City's motion, but filed a "clarification." Doc. 644. According to Wausau's clarification, its anticipated motion involves whether any privilege afforded by the Allocation's agreement has been waived. *Id.* Defendant Providence Washington Insurance Company ("Providence") opposes the City's motion, arguing that the City does not have the requisite significant protectable interest relating to the insurance policies at issue in this case. Doc. 645. Additionally, or alternatively, Providence argues that any hypothetical interest of the City is adequately protected by Plaintiff King County. *Id.* The City, in response, asserts that it has a protectable interest in maintaining the confidentiality of the Allocation documents. Doc. 646. Further, the City maintains, its interest is not protected by Plaintiff because if the Allocation fails, Plaintiff's insurers would have to "pay the costs for cost-contribution litigation," while the City has no such insurance, and therefore, will have to litigate at its own expense. *Id.* The Court agrees. *See Wilderness Soc. v. U.S. Forest Service*, 630 F.3d 1173, 1179 (9th Cir. 2011) ("In evaluating whether Rule 24(a)(2)'s requirements are met," courts should "construe the Rule broadly in favor of proposed intervenors…because a liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts") (internal quotations omitted). Thus, the Court GRANTS the City's motion [635]. The City shall be permitted to file a brief in opposition to Defendant Wausau's anticipated motion, as well as any motion subsequently brought by any another Defendant concerning the confidentiality of the documents assembled during the Allocation. SO ORDERED.

Dated this 14th day of February, 2018.

*Barbara J. Rothstein*

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE