THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

KING COUNTY, a Washington municipal corporation,

Plaintiff,

v.

THE TRAVELERS INDEMNITY CO., *et al*.,

Defendants.

AND RELATED COUNTERCLAIMS AND CROSS-CLAIMS

NO. 14-CV-1957 BJR

ORDER GRANTING:

(1) GREAT AMERICAN'S MOTION FOR (1) ORDER APPROVING SETTLEMENT AND BARRING CLAIMS, AND (2) DISMISSAL OF CLAIMS; and

(2) ZURICH AMERICAN INS. CO. MOTION FOR (1) ORDER BARRING CONTRIBUTION CLAIMS, AND (2) DISMISSAL OF CLAIMS

## I. INTRODUCTION

This matter comes before the Court on two distinct but similar motions. The first is a motion filed by Defendants, Cross-Defendants, and Counterclaimants Great American Insurance Company and Great American Insurance Company of New York (collectively, "Great American"), for (1) Order Approving Settlement and Barring Claims, and (2) Dismissal of Claims, Dkt. No. 464. That motion seeks approval of the settlement between King County and Great American, dismissal of all claims by and against Great American in this matter, and

entry of an order barring future claims for "contribution, subrogation, and related claims" against Great American. *Id*. at 2. The second is a Motion filed by Defendant Zurich American Insurance Company ("Zurich"), for (1) Order Barring Contribution Claims, and (2) Dismissal of Claims, Dkt. No. 468, which notifies the Court of settlement between Zurich and King County and seeks dismissal of all claims against Zurich in this matter, and entry of an order barring future claims for "contribution, reimbursement, subrogation, indemnification, and related claims" against it. *Id* at 1.

Plaintiff King County has filed a Notice of Partial Joinder as to both motions, joining the motions to the extent they seek the aforementioned dismissals and claim-bar orders. Non-settling Defendants Lexington Insurance Company and National Union Fire Insurance Company of Pittsburgh, PA (the "AIG Defendants") have filed responses to both motions, which are joined by numerous other non-settling Defendants. The AIG and other non-settling Defendants do not object to the settlements reached between King County and the moving parties, but do object to entry of claim-bar orders that do not adequately protect their interests. Although the two motions are based on differing facts, they raise materially identical legal issues. Having reviewed the pleadings filed in support of and opposition to the motions, the Court finds and rules as follows.

## II.     BACKGROUND

In late 2014, King County filed this lawsuit against Travelers Indemnity Co. and a number of other insurers. King County is seeking a determination of the insurers' liability for defense and indemnity related to a federal enforcement action for contamination at sites in and around the Lower Duwamish Waterway in Seattle. *See* Pl.'s Second Am. Compl. at 10-11, Dkt. No. 175. In 2016 King County amended its complaint to add Defendants Great American and Zurich, among others, claiming they owed King County coverage as an additional insured, under certain policies issued to an entity not a party to this lawsuit. Zurich and Great American denied liability, and both pled counterclaims against King County. Other insurers in this case

filed cross-claims for contribution against Great American and Zurich, and Zurich also pled cross- and counter-claims against other insurers in this case, seeking a determination of its rights and obligations with respect to each of these parties.

In 2017, the two moving insurers reached settlements with King County. Great American agreed to pay King County $800,000 in exchange for full release of all claims against it; Zurich agreed to pay King County $1.6 million in exchange for full release of claims against it. As a condition of these settlements, the moving parties agreed to file the instant claim-bar motions.

### III. DISCUSSION

A. <u>Standard for Claim-Bar Order</u>

As the Court has previously noted in this case in an order granting a similar motion, and in other cases decided in this District, the Court has "the inherent equitable power to enter an order precluding subsequent claims for contribution . . . by non-settling parties." *See* Order Granting Cont. Cas. Co. et al.'s Mtn. to Approve Settlement, Dkt. No. 446, *citing Bank of Am. v. Travelers Indem. Co.*, No. C07-0322-RSL, 2009 WL 529227, at *1 (W.D. Wash. March 2, 2009). Such orders are recognized as "consistent with the public policy encouraging settlement." *Canal Indem. Co. v. Global Dev., LLC*, No. 2-14-CV-00823-RSM, 2015 WL 347753, at *3 (W.D. Wash. Jan 26, 2015) (*citing Puget Sound Energy v. Certain Underwriters at Lloyd's*, 133 P.3d 1068, 1079 (Wn. App. 2006)). However, "the public policy favoring settlement and the Court's interest in expeditiously clearing complex litigation from its docket must . . . 'be tempered by the need to assure factual fairness and the correct application of legal principles' when considering a contribution bar." *Bank of Am.*, 2009 WL 529227, at *1 (*quoting Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1225 (9th Cir. 1989)). Therefore, a bar order is only appropriate where (1) the proposed settlement is reasonable; and (2) the interests of the non-settling defendants are protected. *Id*. These criteria are examined below.

B.  <u>The Parties Do Not Dispute That the Two Settlements Are Reasonable</u>

None of the parties, including the AIG Defendants, dispute the reasonableness of the proposed settlements reached either between Great American and King County, or Zurich and King County. The reasonableness requirement is "not a high hurdle; . . . the Court must simply ensure that the settlement is not patently collusive or inadequate." *Id*. In their motions, the moving parties assert that they have resolved their claims in arm's-length negotiations, and both provide substantive, undisputed detail in their motions about the underlying claims, the processes of the settlement negotiations, and the terms of the settlements. Great American contends its agreement to pay King County $800,000 in exchange for King County's dismissal of its environmental claims against it—past, present, or future—is reasonable. Similarly, Zurich claims that after "protracted, arm's-length negotiations," its decision to pay King County $1.6 million in full settlement of the outstanding claims between them is reasonable. These assertions are undisputed. There is no evidence, and no claim, that the settlements are collusive or inadequate, and the AIG Defendants do not object to the reasonableness of the substance of either settlement. The Court finds that neither settlement is "patently collusive or inadequate," and holds that for purposes of both motions, the first requirement for issuing a claim-bar order is therefore met.

C.  <u>The Non-Settling Defendants Are Entitled to a Claim-Bar Order That Adequately Protects Their Interests</u>

The second issue the motions present is whether settlement and a claim-bar order leaves the non-settling Defendants with adequate protection against an unfair allocation of liability. *See Franklin*, 884 F.2d at 1231 ("A bar order is appropriate only where the proposed settlement is reasonable and the interests of the non-settling defendants are protected."). Although public policy favors settlement of complex, multi-defendant litigation, a court should not prevent non-settling defendants from seeking contribution from a settling defendant, if

doing so would expose the non-settling defendants to greater than their fair share of liability. *Id.*

The AIG Defendants do not appear to question that the settlement agreements at issue provide them adequate protection from an unfair allocation of liability, claiming only that the proposed orders, submitted with the moving parties' briefing, do not include those protections. The Court finds that the two settlement agreements at issue, combined with the parties' representations in their pleadings and this Order, provide the non-settling Defendants with adequate protection. First, as King County states, the non-settling insurers retain the right to their existing claims and defenses, and may eventually avoid liability entirely.

More importantly, King County has represented that as to both Zurich and Great American, "[i]f necessary to ensure that King County does not receive a double recovery, at the end of this case when calculating the damages owed by any remaining non-settled insurer, King County would agree to an appropriate setoff for prior insurer settlement payments to the extent those prior payments relate to covered costs for the tendered underlying claims at issue." King County's Partial Joinder in Zurich's Mt. at 3, Dkt. No. 477, and King County's Partial Joinder in Great Am.'s Mt. at 3, Dkt. No. 476, *citing* King County's Partial Joinder in Cont. Cas. Co.'s Mt. to Approve Settlement at 1-2, Dkt. No. 395. King County further represents that "if, at the end of this litigation, setting aside any extra-contractual damages such as bad faith claim damages, the amount owed or to be owed by the non-settled insurers would result in King County recovering more than its total liability for damages, King County would agree to a setoff based on prior insurer settlement payments to the extent necessary to prevent a double recovery and to the extent those prior settlement payments relate to indemnified damages

arising from the underlying claims at issue." *Id*. at 3-4.[1] The Court finds that these promises alone provide non-settling Defendants with the protection to which they are entitled. *See Canal Indem. Co. v. Glob. Dev., LLC*, No. 2-14-CV-00823-RSM, 2015 WL 347753, at *5 (W.D. Wash. Jan. 26, 2015) (non-settling defendant "is sufficiently protected by its agreed entitlement to an offset for the monies paid by the settling insurers").

Finally, contrary to the AIG Defendants' position, a determination of the appropriate offset is not appropriate at this time. Further determination of the facts and law in this case is necessary to ascertain what the insurers' liabilities—if any—are as to King County, or what rights they may have as to each other. As it did in the prior CNA contribution-bar order in this case, the Court declines to make such a ruling now. *See* Order Granting Cont. Cas. Co. et al.'s Mtn. to Approve Settlement at 6, Dkt. No. 446 ("any attempt by the Court to measure an individual insurer's coverage obligation in order to ensure that each does not pay more than its fair share would be inappropriate at this juncture. It is best left to the parties in this case to determine how damages are fairly allocated."). Such determinations can be made, if necessary, at a future time.

---

[1] Indeed, King County and Great American have included a judgment reduction provision in their settlement agreement. Specifically, the agreement between King County and Great American provides "In any Claim, proceeding, suit or action relating to Environmental Claims, involving the County and one or more of the County's insurers, including the Action, where the County has brought or brings a Claim against any insurer that is not a Party to this Agreement, and any such insurer(s) asserted or assert(s) any Claim against Great American for recovery of amounts that the County has sought or seeks from such insurer(s) with respect to such Environmental Claim, any Claim made by, or judgment or other award obtained by, the County against such other insurer(s) shall be reduced by the amount, if any, that a court determines Great American would have been liable to pay to other insurer(s) as a result of such insurer(s)'s Claim against Great American, so that the Claim by such other insurer(s) against Great American is thereby satisfied and extinguished entirely. Such a reduction in the County's Claim, judgment, or other award will be accomplished by subtracting from the Claim, judgment, or other award against such other insurer(s) the share of the Claim, judgment or other award, if any, that a court determines is allocable to Great American." Great Am. Mtn. at 10, *citing* Baron Decl. ¶10.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS:

**(1)** Great American's Motion for (1) Order Approving Settlement and Barring Claims and (2) Dismissal of claims (Dkt. No. 464); and

**(2)** Zurich's Motion for (1) Order Barring Contribution Claims, and (2) Dismissal of Claims (Dkt. No. 468).

The claims (including cross-claims and counterclaims) by and against Great American and Zurich in this action are dismissed.[2] Any other claims for contribution, allocation, subrogation, and equitable indemnity, and any other cause of action in connection with this action, against either Great American or Zurich, by any other insurers that are parties to this action or that received notice of this motion, are hereby BARRED.

Signed this 16th day of April, 2018.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge

---

[2] In its motion, Zurich does not ask the Court to dismiss its claims against the parties in this matter, seeking dismissal only of other parties' claims against it, and representing that Zurich "will dismiss all of its cross-claims against those insurers" upon entry of this Order. Given that the Court is granting Zurich's motion, this additional step is unnecessary, and the Court hereby dismisses Zurich's claims in this matter.