THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KING COUNTY, a Washington municipal corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE TRAVELERS INDEMNITY CO., *et al.*,<br><br>Defendants. | NO. 14-CV-1957 BJR<br><br>ORDER DENYING EMPLOYERS INSURANCE OF WAUSAU'S MOTION TO COMPEL KING COUNTY TO PRODUCE CERTAIN DOCUMENTS |

## I. INTRODUCTION

This matter comes before the Court on the Motion to Compel King County to Produce Certain Documents, Dkt. No. 655, filed by Defendant Employers Insurance of Wausau ("Wausau"). Wausau seeks production of documents created in the course of a related allocation proceeding to which Plaintiff King County is a party. The motion is opposed by King County, which claims the documents are privileged, and by Intervenor City of Seattle, another party to the allocation proceeding, which has intervened in this case for the express purpose of opposing this motion. Having considered the pleadings filed in support of and opposition to this motion, the Court rules as follows.

## II. BACKGROUND

A. Duwamish Allocation Proceedings

King County brought this case against multiple insurers, including Defendant Wausau, seeking defense and indemnity for King County's share of the decades-old—and ongoing—cleanup efforts of the Lower Duwamish Waterway Superfund Site in Seattle. As part of those efforts, in 2013, King County, the City of Seattle, and dozens of other potentially responsible parties at the Duwamish site ("PRP"s) initiated a voluntary alternative dispute resolution process known as the Duwamish Allocation. The allocation proceeding, conducted by John Barkett, an Allocator chosen by the parties, was intended to be a process for determining the share of fault and liability for the cleanup among the various participating PRPs. That allocation proceeding is ongoing.

B. Memorandum of Agreement and Washington Mediation Act

The Duwamish Allocation Proceeding is governed by rules outlined in a Memorandum of Agreement ("MOA"), which was signed by all participating parties. Relevant to the instant dispute, subsection 5.1.5.4 of the MOA incorporates a Washington statutory privilege, designed to protect documents produced in mediation from discovery, into the allocation proceeding. Specifically, the MOA sets forth the parties' expectations of confidentiality and provides that the allocation proceeding is a mediation for purposes of the Washington Mediation Act privilege:

> Communications Are Confidential. The Participating Parties intend that their communications with the Allocator and with one another during the Allocation Process, whether written or oral, be kept confidential among the Participating Parties and the Allocator to the fullest extent allowed by law. The Allocation Process shall be considered a mediation that is covered by . . . RCW 7.07.030 (mediation communications are privileged). Mediation communications as defined in RCW 7.07.010(2), including but not limited to Position Papers, Rebuttals, Replies, Questionnaire responses, and deposition transcripts, shall also be kept confidential to the fullest extent of the law. MOA §5.1.5.4, Ex. 3 to Wishik Decl., Dkt. No. 647, p. 21.

The statutory reference is to the Washington Mediation Act, which provides, in relevant part, that a "mediation communication is privileged and is not subject to discovery or admissible in evidence." RCW 7.07.030(1). Wausau does not dispute that the Duwamish Allocation is governed by the Washington Mediation Act as invoked by the MOA.

### C. Motion to Compel Allocation Proceeding Documents

Wausau has acknowledged its duty to cover King County's "reasonable and necessary" costs in the allocation proceeding, subject to certain coverage defenses. In the context of discovery concerning those defenses, Wausau served on King County requests for production of documents related to the allocation proceeding. In response, King County turned over certain documents that it had produced to other PRPs in the course of the allocation proceedings. However, it has refused to provide, based on privileges outlined in the MOA and the Washington Mediation Act, documents that were produced by, or reflect the work of, *other* parties in the course of the allocation proceeding. By this motion, Wausau asks the Court for an order compelling production of these documents, including:

1. Any expert reports of any PRP that addresses King County's alleged liability;
2. Any pleadings submitted or rulings issued in the allocation proceeding, and the transcript of a deposition taken in the context of the allocation proceeding;
3. Any internal analysis done by King County of the other PRPs' expert reports;
4. Internal Status reports prepared by King County, or at least a privilege log setting forth any redactions;
5. Position statements of King County and other PRPs in the allocation proceeding to the extent they concern King County's alleged liability.

Wausau claims these documents are "highly relevant" to its defenses in the dispute over its duty to defend King County in the allocation proceeding. It argues the MOA carves out an exemption to the mediation privilege and authorizes King County to produce the documents at issue; that an equitable "sword-shield" doctrine prohibits King County from withholding

documents from an insurer from which it is claiming indemnity; and that the Washington Mediation Act contains an exemption to the privilege King County claims. Each argument is examined in turn below.

### III. DISCUSSION

A. <u>The Washington Mediation Act, RCW 7.07.010 *et seq.*</u>

In this motion, the parties are asking the Court to interpret both the parameters of the Washington Mediation Act, RCW 7.07.010 *et seq.,* and a provision of the Duwamish Allocation MOA as it relates to that Act. The Washington Mediation Act establishes a privilege for "mediation communication[s]," including statements made "for the purposes of considering, conducting, participating in, initiating, continuing, or reconvening a meditation." RCW 7.07.010(2). Except as otherwise provided in the statute, documents covered by the mediation privilege are "not subject to discovery" and are not "admissible in evidence in a proceeding". RCW 7.07.030(1). Moreover, "[i]n a proceeding,…[a] mediation party may refuse to disclose, and may prevent any other person from disclosing, a mediation communication". RCW 7.07.030(2). Courts have noted that this "privilege should be broadly construed." *W. & Clay, LLC v. Landmark Am. Ins. Co*., 2010 WL 1881880, at *1 (W.D. Wash. 2010).

B. <u>Section 13 of the MOA Is Not the Insurer "Carve-Out" Wausau Claims</u>

While Wausau admits that the Washington Mediation Act applies to the Duwamish Allocation proceeding, it argues that the MOA contains an insurer "carve-out," purportedly requiring production of otherwise privileged documents. Section 13, Wausau claims, requires an allocation party to share information produced in the proceeding with its insurance carriers:

> The Participating Parties do not intend hereby to make any agreement that will prejudice any Participating Party with respect to its insurers and, by entering into this MOA, anticipate that the actions taken pursuant to this MOA will benefit such insurers. Nothing in this MOA is intended to prevent a Participating Party from sharing this MOA and information developed pursuant to this MOA with a Participating Party's insurance carriers with direction that the carrier keep the

> information confidential, and doing so shall not be construed as violating any confidentiality provisions of this MOA. MOA §13, Ex. 3 to Wishik Decl., Dkt. No. 647, p. 36.

Neither the plain language nor the context of this provision supports the interpretation Wausau urges. This provision is clearly intended to expand the rights of the "Participating Parties," releasing them from confidentiality obligations under certain circumstances. It does not bestow any rights on a third-party insurer to obtain otherwise confidential information. In other words, Subsection 13 clarifies that the MOA does not *prevent* a participating party from sharing information with its insurer, but nothing in this paragraph says it *must*. Above all, the fact that this reading of Section 13 is apparently shared unanimously by the actual parties to the MOA is dispositive to the Court's interpretation. *See Corbray v. Stevenson*, 98 Wn.2d 410, 415 (1982)("[C]ontracts should be construed to reflect the intent of the parties."). Wausau's contrary interpretation of a contract provision to which it is not a party simply cannot control. The Court holds that Section 13 of the MOA does not abrogate the broad confidentiality provisions of that agreement and the Washington Mediation Act, and cannot be relied on to require King County to turn over documents were produced in the allocation proceeding.

C. <u>King County's Position Does not Violate a "Sword-Shield" Doctrine</u>

Wausau argues alternatively that King County's attempt to withhold certain allocation-proceeding documents violates the so-called sword-shield doctrine. In support of this position, Wausau claims King County is "cherry-picking" and producing allocation-proceeding documents that support its position, while attempting to withhold others that may not. "[I]t is fair to assume," Wausau submits, "that the County will seek substantial payments from the insurers based on its allocated share, yet the County claims that information that establishes that allocation is privileged." Mtn. at 8. King County has represented, however, that it will not rely on withheld allocation documents in its action against Wausau. King County also claims, and Wausau does not deny, that it has in fact produced "voluminous documents" to Wausau,

including historical documents relating to the Duwamish site collected and produced outside the scope of the allocation, and its own expert reports and other documents it submitted in the course of the allocation proceeding, as authorized by Section 13 of the MOA.

The only documents King County is refusing to turn over are those created by other PRPs participating in the allocation proceeding, and its own documents that reveal information and opinions submitted by other PRPs in the course of the allocation proceeding. As the City of Seattle's vociferous objections make clear, under these circumstances the privilege at issue is not even King County's to waive. Wausau is seeking documents belonging to the other PRPs in the allocation proceeding who have produced opinions, potentially sensitive and privileged material, and other work product, reliant on the confidentiality provisions of the MOA and Washington law. Those parties are not "cherry-picking" and did not "open the door" to a waiver of privilege. The Court acknowledges Wausau's indignation at being asked to pay for an allocation proceeding to which it does not have full access. Whatever the perceived unfairness is that results from this outcome, however, it is not one that would be corrected by compelling production of the privileged material of those who are not even parties to this lawsuit.

D. The Washington Mediation Act Does Not Provide an Applicable Exception

Finally, Wausau claims that the Washington Mediation Act itself provides an exception to the mediation privilege. Citing RCW 7.07.030(3), Wausau argues that "[e]vidence or information that is otherwise admissible or subject to discovery does not become inadmissible or protected from discovery solely by reason of its disclosure or use in a mediation." But a careful review of the documents Wausau seeks reveal that they are all secondary sources—expert opinions commissioned by the parties, pleadings drafted by counsel, opinions of a mediator. King County is not claiming, nor could it, that Wausau does not have a right to the information and evidence underlying the documents Wausau seeks. Wausau claims that "[t]he allocation proceeding is uniquely positioned to collect factual information about the County's

historical contamination of the Lower Duwamish Waterway," but it hasn't explained how the proceeding is "uniquely" positioned. Nothing in the MOA, the Washington Mediation Act, or this Order precludes Wausau from seeking information relevant to its coverage defenses from primary sources. As the parties opposing this motion point out, Wausau could have obtained much of the information it impermissibly seeks in documents produced in the allocation proceeding from the first-hand sources of that information, through Fed. R. Civ. P. 45 subpoenas or other investigative methods. *See* Seattle Resp. at 2 ("[R]ather than doing the work themselves to assemble historical information and develop expert opinions, they want to defeat King County's insurance claims using information and expert analysis developed by others.").

At the heart of the Court's concerns about Wausau's position is that it is asking the Court to order King County to disclose documents that were created and disclosed—by entities that are not parties to this lawsuit—in reliance on the sanctity of the confidential mediation process. It cannot be disputed that a functioning, predictable mediation framework is a benefit to all—parties, the courts, and insurers alike. *See* Wash. Rev. Code Ann. tit. 7, Ch. 7.07, Refs & Annos (West) (mediation has "become an integral and growing part of the processes of dispute resolution in the courts, public agencies, community dispute resolution programs, and the commercial and business communities, as well as among private parties engaged in conflict. Public policy strongly supports this development."). In its opposition to this motion, the City of Seattle goes so far as to say that if King County is compelled to produce the documents at issue, the Duwamish Allocation proceedings "will collapse." Seattle Resp. at 10. At the very least, if the Court were to order disclosure of the documents at issue, going forward parties to mediations would have legitimate doubts about future enforcement of the protections the Washington legislature sought fit to provide. Nothing in Washington law, or the MOA, requires this outcome.

### IV. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant Wausau's Motion to Compel.

Signed this 27th day of April, 2018.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge