The Honorable Barbara J. Rothstein

1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
8                                    AT SEATTLE

9    KING COUNTY,

10                        Plaintiff,                No. 2:14-cv-01957-BJR

11           v.                                     **PLAINTIFF KING COUNTY'S
                                                    PARTIAL JOINDER IN
12   TRAVELERS INDEMNITY CO., *et al.*,             PROVIDENCE WASHINGTON
                                                    INSURANCE COMPANY'S
13                        Defendants.               MOTION FOR ORDER
                                                    APPROVING SETTLEMENT AND
14                                                  BARRING CONTRIBUTION
                                                    CLAIMS BY NON-SETTLING
15                                                  INSURERS**

16                                                  NOTE ON MOTION CALENDAR:
                                                    October 5, 2018
17

18

19

20

21

22

23

24

25

26

KING COUNTY'S PARTIAL JOINDER IN PROVIDENCE'S
MOTION FOR ORDER APPROVING SETTLEMENT AND
BARRING CLAIMS (Case No. 2:14-cv-01957-BJR)

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## I.   **INTRODUCTION**

King County submits this Partial Joinder in Support of Providence Washington Insurance Company's Motion for Order Approving Settlement and Barring Contribution Claims by Non-Settling Insurers ("Motion").  After the County and Providence entered a Confidential Settlement and Policy Exhaustion Agreement dated August 29, 2018 ("Settlement Agreement"), Providence filed the Motion on September 13, 2018 with a Noting Date of October 5, 2018.  Dkt. # 702.  The Motion indicated that Providence's meet and confer efforts with the other insurers before it filed the Motion had not resulted in any party raising an objection to the Motion.  Dkt. # 702, at 4.  However, in case the Motion is opposed, the County hereby files this Partial Joinder.

## II.   **ARGUMENT**

### A.   **King County's Partial Joinder in Providence Washington's Motion**

King County joins in Providence Washington's Motion to the extent that it contends that, as recognized by the Washington Court of Appeals in *Puget Sound Energy v. Certain Underwriters at Lloyd's, London*, 138 P.3d 1068, 1079 (Wash. Ct. App. 2006) ("*PSE*"), courts have the authority under Washington law to impose a claim-bar order in favor of settling insurers against a non-settling insurer.  *See* Dkt. # 702, at 5-7.  The County further joins in the Motion to the extent that it:

- Reports that the Settlement Agreement between the County and Providence is reasonable and the result of arm's-length negotiations;

- Asserts that the interests of the non-settling insurers are protected.  *See id.* at 9-11; and

- Seeks certification of the claims bar order as a final judgment regarding claims against and by Providence, because the County views that as a reasonable, though not necessary, element of the relief requested in the Motion.  *See id.* at 11-14.

KING COUNTY'S PARTIAL JOINDER IN PROVIDENCE'S
MOTION FOR ORDER APPROVING SETTLEMENT AND
BARRING CLAIMS (Case No. 2:14-cv-01957-BJR) – 1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1    Accordingly, the County joins the Motion regarding the relief Providence seeks.

2           The County is not joining in the portions of the Motion, *inter alia,* that comment on or

3    compare the settlements between the County and Providence to other settlements the County

4    has reached in this case with other insurers.  *See id.* at 7-9.

5           Providence's Motion is similar to other settled insurers' prior motions for approval of

6    settlement agreements, claims bars and dismissals of claims in this case.[1]  The Court granted

7    each of these prior motions. [2]

8    **B.      The Non-Settling Insurers' Interests are Adequately Protected**

9           As was true regarding King County's prior settlements in this case,  the non-settling

10   parties' interests are protected with respect to the County-Providence settlement for a number

11   of reasons: (1) each non-settling insurer retains its coverage defenses and its ability to try to

12   escape providing coverage to the County; (2) each non-settling insurer can seek contribution

13   from each other; and (3) the County is not seeking or obtaining any "windfall" in this

14   litigation.  These three safeguards were recently found by the Western District to provide

15   sufficient protection for the interests of non-settling insurers to enter a contribution bar order

16   for settling insurers in another insurance coverage litigation.  *Canal Indemnity Co. v. Global*

17   *Development, LLC*, No. 2-14-CV-00823-RSM, 2015 WL 347753 (W.D. Wash. Jan. 26,

18   2015); *see also Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1225 (9th Cir. 1989) ("A bar order

19   is appropriate only where the proposed settlement is reasonable and the interests of the non-

20   settled defendants are protected.").

21          As in *Global Development*, the interests of the non-settling insurers in this case are

22   sufficiently protected for those same three reasons.

23

24   _____

25   [1] These prior motions were filed by CNA (Dkt. # 386), Great American Insurance Company
     ("Great American") (Dkt. # 464), and Zurich Insurance Company ("Zurich") (Dkt. # 468).

26   [2] On March 1, 2017, the Court granted CNA's motion (Dkt. # 446), and on April 16, 2018, the
     motions of Great American and Zurich (Dkt. # 671).

KING COUNTY'S PARTIAL JOINDER IN PROVIDENCE'S
MOTION FOR ORDER APPROVING SETTLEMENT AND
BARRING CLAIMS (Case No. 2:14-cv-01957-BJR) – 2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

*First*, all of the non-settling insurers have asserted several defenses to coverage. Although King County disputes the merits of those coverage defenses, nothing in its settlement agreement with Providence limits or interferes with the non-settling insurers' ability to litigate and defend against the County's coverage claims.

*Second*, to the extent that the non-settling insurers are adjudicated to be obligated to provide coverage, they may still seek contribution from each other.

*Third*, and most importantly, King County is not seeking any windfall or double recovery in this litigation by achieving an insurance recovery that exceeds the amount of its liability for damages in the underlying environmental claims.  The County also previously indicated to the Court and the non-settling insurers that, if necessary to ensure that the County does not receive a double recovery, King County would agree at the end of this case when calculating the damages owed by any remaining non-settled insurer to an appropriate setoff for prior insurer settlement payments to the extent those prior payments relate to covered costs for the tendered underlying claims at issue.  (Dkt. #395, at 1-2).  More specifically and completely, while of course it is possible that the County's total liability for damages relating to the underlying claims will exceed the total available limits of coverage, such that the County could not receive any windfall, the County has stated in connection with the prior motions that:

> … if, at the end of this litigation, setting aside any extra-contractual damages such as bad faith claim damages, [3] the amount owed or to be owed by the non-settled insurers would result in King County recovering more than its total liability for damages, **King County would agree to a setoff based on prior insurer settlement payments to the extent necessary to prevent a double recovery** and to the extent those prior

---

[3] *See id.* at *5 n.3 (noting that a non-settling insurer's potential "extra-contractual exposure is an additional factor supporting the fairness of a contribution bar.").

KING COUNTY'S PARTIAL JOINDER IN PROVIDENCE'S
MOTION FOR ORDER APPROVING SETTLEMENT AND
BARRING CLAIMS (Case No. 2:14-cv-01957-BJR) – 3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**settlement payments relate to indemnified damages arising from the underlying**

**claims at issue.**

*E.g.*, Dkt. # 395, at 5; Dkt # 415 at 3.  Thus, King County has offered the non-settling insurers

significant protection in the form of an appropriate set-off to prevent a double recovery.  In

granting the motions of Great American and Zurich, the Court, citing *Global Development*,

found that "these promises alone provide the non-settling Defendants with the protection to

which they are entitled." Dkt. # 671, at 5-6.[4]

Thus, the interests of the non-settling insurers are protected in the same manner that

this Court has previously found to be sufficient in this case and that the Western District

found to be sufficient in *Global Development*.

**C.      It Would Be Premature and Unnecessary to Take Further Steps to Protect the
Non-Settling Insurers' Interests at This Point**

It would be premature and unnecessary to take further action to protect the interests of

the non-settling insurers at this point.  At this stage of the litigation, the parties do not know

what rights the insurers may have with respect to each other.  That will depend in large part

upon how the parties and/or this Court resolve a number of factual and legal issues, including

the existence and terms of insurance policies (including limits of liability), the coverage

granted by those policies, the insurers' various defenses to coverage, the total damages that

---

[4] King County does not agree with the characterization of these representations in the
Declaration of David M. Schoeggl (Dkt. # 703) that Providence Washington filed in support
of the Motion.  Specifically, Paragraph 8 of the Declaration provides in part: "This, together
with the County's commitments regarding allocation, means that $500,000 of the payment
will function as a credit against the other insurers' potential indemnity obligations and
$1,580,000 will function as a credit against the other insurers' defense obligations."
However, as set forth in this Partial Joinder and the County's prior partial joinders to
contribution bar motions, the County is not agreeing to settlement credits to be applied at this
time.  Rather, at the end of the case, subject to certain limitations such as extra-contractual
damages, the County would agree to a setoff based on prior insurer settlement payments to the
extent necessary to prevent a double recovery.  Accordingly, the Providence Washington
settlement payment may result in a setoff for non-settled insurers against whom judgment is
entered at the end of the case.  To the extent the Declaration implies that the County is
agreeing at this time to credits against the other insurers' potential indemnity obligations and
ultimate defense obligations, the Declaration is not correct.

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1   King County may recover, and the policy limits and attachment points of the non-settled

2   insurers.  Given those remaining issues, and apart from the fact that non-settling insurers'

3   interests are already sufficiently protected, it is unclear what, if any, further protections could

4   be offered to the non-settling insurers at this stage of the litigation.  The Court recognized this

5   timing issue and declined to make a ruling on whether a set-off was appropriate or the amount

6   of any such set-off in its Orders granting CNA's motion  (*see* Dkt. # 446, at 6) and the

7   motions of Great American and Zurich (see Dkt. # 671, at 6).

8   Furthermore, any additional efforts to protect the non-settling insurers' interests may

9   conflict with the insurers' joint-and-several coverage obligations for all environmental

10   defense and indemnity costs under Washington law.  In *American National Fire Insurance*

11   *Co. v. B&L Trucking & Construction Co.*, 951 P.2d 250 (Wash. 1998), a policyholder with

12   multiple liability policies issued across several policy periods sought coverage for

13   environmental property damage that had occurred over several years.  *See id.* at 256.  The

14   Washington Supreme Court held that "once a policy is triggered, the policy language requires

15   [the] insurer to pay all sums for which the insured becomes legally obligated, up to the policy

16   limits.  *Id.*  Moreover, "Once coverage is triggered in one or more policy periods, those

17   ***policies provide <u>full</u> coverage for <u>all</u> continuing damage***."  *Id.* (emphasis added).  As a

18   result, under Washington law, each of the insurers in this case are obligated to provide full

19   coverage for all of King County's defense and indemnity costs up to their policy limits.

20   Stated somewhat differently, each insurer's respective obligation to provide full coverage to

21   the County up to its policy limits is not impacted by the coverage that may or may not be

22   provided by another insurer's policies.[5]  Given the protections already in place, any further

23

24   ─────────────────

25   [5] In *Global Development*, the court rejected an argument that setoffs should be calculated
    based on each insurer's percentage of liability for the total amount of damages.  *See Global*

26   *Development*, 2015 WL 347753 at *5 n.4.  The court reasoned that "such an approach is
    typically not workable in an insurance coverage cases, where all insurers on risk during the
    period of damages are jointly and severally liable for the entire jury verdict, up to their policy

KING COUNTY'S PARTIAL JOINDER IN PROVIDENCE'S
MOTION FOR ORDER APPROVING SETTLEMENT AND
BARRING CLAIMS (Case No. 2:14-cv-01957-BJR) – 5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1   efforts to protect the non-settling insurers may undermine King County's right to receive full

2   coverage from its insurers.

3   **D.      The Claim-Bar Order Will Promote Further Settlements**

4          As discussed in Providence's Motion, Washington courts recognize that claim-bar

5   orders promote settlement by preventing a settling party from being brought back into

6   litigation by non-settling parties. *See* Dkt. # 702, at 5-6.  The County reasonably anticipates

7   that it may reach settlements with additional insurers before the end of this litigation.

8   Continuing to establish a precedent that settling insurers will likely receive the protection of a

9   claim-bar order will promote future settlements.  However, if Providence's request for a

10  claim-bar order is denied, insurers may be less willing to settle the County; the possibility of

11  another non-settling insurer dragging them back into the litigation will be a strong

12  disincentive to settlement.  The County believes that Providence's requested claim-bar order

13  will promote the efficient resolution of this case through additional settlements.

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25

26  limits, making it impossible to assign percentage culpability as in a securities action." *See id.*
    (citing *PSE*, 138 P.3d at 1079).

KING COUNTY'S PARTIAL JOINDER IN PROVIDENCE'S
MOTION FOR ORDER APPROVING SETTLEMENT AND
BARRING CLAIMS (Case No. 2:14-cv-01957-BJR) – 6

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1

### III.   CONCLUSION

2    For reasons discussed in the Motion and for the reasons set forth in this Partial

3    Joinder, the Motion should be granted, and the Court should enter an order barring and

4    dismissing claims in this case against and by Providence Washington under the settled

5    Providence Policy (as defined in the Motion).

6    Dated:  September 20, 2018                K&L Gates LLP

7                                             By: *s/ John Bjorkman*_____
                                             John Bjorkman, WSBA # 13426
8                                            John.Bjorkman@klgates.com
                                             K&L GATES LLP
9                                            925 Fourth Avenue, Suite 2900
10                                           Seattle, WA  98104
                                             T: 206-623-7580
11                                           F: 206-623-7022

12                                           Michael J. Lynch (*admitted pro hac vice*)
13                                           Paul E. Del Vecchio (*admitted pro hac vice*)
                                             Douglas J. Simmons (*admitted pro hac vice*)
14                                           K&L GATES LLP
                                             210 Sixth Avenue
15                                           Pittsburgh, PA  15222
                                             T: 412-355-6500
16                                           F: 412-355-6501
17                                           *Attorneys for King County*

18

19

20

21

22

23

24

25

26

KING COUNTY'S PARTIAL JOINDER IN PROVIDENCE'S
MOTION FOR ORDER APPROVING SETTLEMENT AND
BARRING CLAIMS (Case No. 2:14-cv-01957-BJR) – 7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on September 20, 2018, I electronically filed this Partial Joinder

3

in Support of Motion for Order Approving Settlement and Barring Contribution Claims by

4

Non-Settling Insurers using the Court's CM/ECF system, which will send notification to all

5

parties of record.

6

Dated this 20th day of September, 2018.

7

8

*s/ John Bjorkman*_____

John Bjorkman, WSBA # 13426

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022