Honorable Barbara J. Rothstein

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| KING COUNTY, a Washington municipal corporation,<br><br>Plaintiff,<br><br>v.<br><br>TRAVELERS INDEMNITY COMPANY; et al.,<br><br>Defendants. | Case No. 2:14-cv-01957 BJR<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: TRIGGER OF COVERAGE** |

This matter comes before the Court on a Motion for Partial Summary Judgment Regarding Trigger of Coverage, filed by Plaintiff King County. Plaintiff is suing Defendants, various Insurers, for coverage related to defense and cleanup costs associated with environmental property damage at two Superfund sites in Seattle (the "Underlying Environmental Sites"). In this motion, King County is seeking a declaration on what it characterizes as a "threshold legal question:" that coverage under the policies at issue in this case is "triggered" if King County establishes, as it claims it will at trial, that property damage occurred at the Underlying Environmental Sites during the period covered by such policies.

Ultimately, the Defendants do not oppose the substance of King County's motion. In their Response, however, they seek clarification of what is meant by the word "triggered," and specifically, urge that the Court not rule on the ultimate issues of Defendants' liability under the policies. *See* Defs.' Response at 5 ("The Insurers do not necessarily disagree with the proposition that, under Washington law, property damage during the policy year triggers coverage under the typical occurrence-based policy, so long as it is clearly understood that "trigger" in this context does not equate to a conclusion that coverage exists under the policy.").

The Court does not interpret Plaintiff's motion as requesting such a ruling. What King County is seeking is a declaration that under applicable Washington law, in the context of continuous and progressive environmental property damage, proof of such property damage having occurred during the policy period will "trigger" potential coverage. Such trigger is a necessary—but not sufficient—element of establishing entitlement to coverage under the policies at issue in this case. To quote directly from King County's Revised Proposed Order, therefore, the Court rules:

1. For purposes of this Order, the term "trigger of coverage" means "what event must occur for potential coverage to commence under the terms of the insurance policy" and "what must take place within the policy's effective dates for the potential of coverage to be 'triggered.'" *In Re Feature Realty Litig.*, 468 F. Supp.2d 1287, 1295, n.2 (E.D. Wash. 2006);

2. Each of the policies at issue is triggered for each Underlying Environmental Site (as defined in Plaintiff's Motion) if King County proves that property damage at or in connection with the site took place during the respective periods of the policies;

3. Washington applies the "continuous trigger" rule to environmental property damage insurance coverage cases; and

4. Therefore, Washington's "continuous trigger" rule is applicable to this case such that, if King County demonstrates that the environmental property damage at each of the Underlying Environmental Sites was continuous and progressive during the relevant period, all of the policies at issue in effect during the period of this property damage are triggered for each of the sites.[1]

The Court does not perceive Defendants as objecting to the proposed order as worded. The Motion for Partial Summary Judgment Regarding Trigger of Coverage is therefore GRANTED as set forth above.

Dated this 28th day of March, 2019.

Barbara Jacobs Rothstein
U.S. District Court Judge

---

[1] The Court notes that one Defendant, Westport Insurance Corporation, filed a separate supplemental objection to this motion, to highlight that the insuring agreements for two of its policies referenced in King County's Fourth Amended Complaint have not been located. Westport Insurance asserts that King County has therefore failed to meet its burden of demonstrating it is entitled to a ruling on what triggers coverage under those policies. King County responds that it intends to prove at trial that the language in the two policies is materially similar to that in the other policies to which this ruling applies. If and when King County supplies such proof, this ruling will apply to those Westport policies as well.